**FILED - GR**

December 10, 2019 11:54 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:___  SCANNED BY: ⎯TB⎯ /⎯⎯

12/10/19

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH BRUNEAU

       Plaintiff,

v.

    CASE NO:    **1:19-cv-1037**
               **Paul L. Maloney**
               **United States District Judge**

AQUINAS COLLEGE

    HON:

       Defendant.

| |
|---|
| JOSEPH BRUNEAU, pro se |
| Self-represented Plaintiff |
| 5020 Carson Ave. SW |
| Grand Rapids, MI 49548 |
| (616) 238-8558 |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **JOSEPH BRUNEAU**, pro se, and for his Complaint against the

above-named Defendant states as follows:

## INTRODUCTION

1. This lawsuit seeks to put an end to Aquinas College's punitive, illegal, and discriminatory treatment of students with mental health disabilities.

2. Despite having a policy of non-discrimination toward students with disabilities (which was once part of its mission statement) Aquinas College maintains antiquated policies, practices, and procedures related to mental health that violate anti-discrimination laws.

3. Aquinas College's policies, practices, and procedures amount to illegal disability discrimination and must be ceased immediately.

## JURISDICTION AND VENUE

4. This is an action for injunctive relief, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, *et seq.*; and the Persons With Disabilities Civil Rights Act, ("Section 402"), Michigan Government Code M.C.L. § 37.1402, *et seq.*.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for Plaintiffs' claims arising under the ADA, and Section 504. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for claims arising under the Persons With Disabilities Civil Rights Act, Michigan Government Code M.C.L. § 37.1402.

6. Venue is proper in the Southern District of Michigan pursuant to 28 U.S.C. § 1391(b), because: (1) Aquinas College and its real property are located in the District, and (2) a

substantial part of the events or omissions giving rise to the claims occurred within the District.

7. Pursuant to the Southern District of Michigan Civil Local Rules 3.2(c), (e), (g), (i), because this action arises in Kent County, this action should be assigned to the Southern Division.

## PARTIES

8. Plaintiff Joseph Bruneau is a former Aquinas College student. He is currently barred from visiting the Aquinas College campus. He is a qualified individual with a disability for purposes of the ADA, Section 504, and related state laws.

9. Aquinas College is a private college located in Grand Rapids, Michigan. As a place of education, Aquinas College qualifies as a "place of public accommodation" under Title III of the ADA as that term is defined under 42 U.S.C. § 12181(7)(J). Aquinas College is also a recipient of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act and an educational institution according to Michigan Government Code M.C.L. § 37.1401.

## FACTUAL ALLEGATIONS

10. Aquinas College's policies, practices, and procedures have and continue to discriminate against Plaintiff, who has mental health disabilities, by denying him full and equal access to the benefits of Aquinas College's programs, facilities, and services.

11. Aquinas College discriminated against Joseph Bruneau on the basis of disability by expelling him–without legitimate basis–from the college in 1990, imposing onerous requirements for the expulsion to be rescinded. Having him charged with trespassing in (a crime for which, in his report,  the responding police officer admitted had not actually been committed by Plaintiff.) This charge was issued when Plaintiff visited the Aquinas College campus in February 2016. Aquinas College subsequently restricted Plaintiff from returning to campus, and failed to overturn this restriction when the college was reminded this restriction was unwarranted.

## FIRST CAUSE OF ACTION

### Violation of Title III of the Americans with Disabilities Act

### 42 U.S.C. § 12182, *et seq.*

12. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

13. Title III of the Americans with Disabilities Act ("ADA") and its implementing regulations entitle individuals with disabilities to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

14. Plaintiff was an enrolled Aquinas College student who has a disability, was regarded as having a disability, or had a record of a disability, and thus was a qualified individual with disabilities within the meaning of the ADA. 42 U.S.C. § 12102.

4

15. At all times relevant to this action, Aquinas College has been and is a "place of public accommodation" within the meaning of Title III of the ADA, as an undergraduate or postgraduate school, or other place of education. 42 U.S.C. § 12181(7)(J).

16. Title III prohibits public accommodations from denying or affording an unequal opportunity to an individual or class of individuals with disabilities, on the basis of a disability, the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of the entity or otherwise discriminating against them on the basis of disability. 42 U.S.C. § 12182(b)(1)(A)(i)–(ii); 28 C.F.R. § 36.202(a)–(b).

17. Title III provides that goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual. 42 U.S.C. § 12182(b)(1)(B); 28 C.F.R. § 36.203(a).

18. Title III provides that an individual or entity shall not utilize standards or criteria or methods of administration that screen out, tend to screen out, or have the effect of discriminating on the basis of disability such that persons with disabilities cannot fully and equally enjoy any goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. §§ 12182(b)(1)(D)(i), 12182(b)(2)(A)(i); 28 C.F.R. §§ 36.204, 36.301(a).

19. Title III further defines discrimination to include the failure of a public accommodation to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

20.  Aquinas College has violated Title III of the ADA by denying Plaintiff, on the basis of disability, the opportunity to fully and equally enjoy, participate in, and benefit from Aquinas College's goods, services, facilities, privileges, advantages, and accommodations.

21.  Aquinas College has violated Title III of the ADA by maintaining and executing a policy that utilizes eligibility criteria and methods of administration that have the effect of discriminating against students with mental health disabilities by tending to screen them out of—and make it more onerous for them to regain access to—campus services, facilities, privileges, advantages, and accommodations, on the basis of disability.

22.  Aquinas College has violated Title III of the ADA by failing to make reasonable modifications to its policies, practices, or procedures to ensure that Plaintiff has equal access to the benefits of Aquinas College's goods, services, facilities, privileges, advantages, and accommodations.

23.  Aquinas College has violated Title III of the ADA by failing to provide Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to his needs.

24.  Aquinas College's conduct constitutes ongoing and continuous violations of the ADA, and unless restrained from doing so, Aquinas College will continue to violate the ADA. This conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law. Consequently, Plaintiff is entitled to injunctive relief pursuant to section 308 of the ADA (42 U.S.C. § 12188), as well as reasonable attorneys' fees and costs, 42 U.S.C. § 12205.

25.  WHEREFORE, Plaintiff requests relief as set forth below.

6

## SECOND CAUSE OF ACTION

### Violation of Section 504 of the Rehabilitation Act of 1973

### 29 U.S.C. § 794, *et seq.*

26. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

27. Section 504 of the Rehabilitation Act of 1973 ("Section 504") provides that otherwise

    qualified individuals with disabilities shall not, solely by reason of their disability, be

    excluded from participation in, be denied the benefits of, or be subjected to discrimination

    under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a); 34

    C.F.R. § 104.4(a).

28. As an individual with mental health disabilities or who has a record thereof or who has been

    regarded as having a disability, Plaintiff is a person with disabilities within the meaning of

    Section 504. 29 U.S.C. § 794(a); 29 U.S.C. § 705(20). As an admitted former student who

    left the college in good academic standing, Plaintiff is otherwise qualified to participate in

    Aquinas College's services, programs, and activities. 34 C.F.R. § 104.3(l)(3).

29. As a college, Aquinas College's operations are qualified programs or activities within the

    meaning of Section 504. 29 U.S.C. § 794(b)(2)(A); 34 C.F.R. §§ 104.3(k)(2)(i), 104.41. As

    an educational institution which permits students to pay education-related costs with the

    assistance of Federal grants and loans, and has done so at all times relevant to the claims

    asserted in this Complaint, Aquinas College is a recipient of Federal financial assistance

    sufficient to invoke Section 504 coverage. 34 C.F.R. § 104.3(h).

30. Section 504 implementing regulations promulgated by the Department of Education ("DOE

    regulations") provide that recipients of Federal financial assistance, in providing any aid,

7

benefit, or service, may not, on the basis of disability, discriminate against an otherwise qualified person with a disability by providing them with an opportunity to participate in or benefit from the aid, benefit, or service that is different, separate, not equal, or not as effective as that which is afforded others. 34 C.F.R. § 104.4(b)(1)(i)–(iv).

31. DOE regulations further prohibit recipients of Federal financial assistance from limiting a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving any aid, benefit, or service. 34 C.F.R. § 104.4(b)(1)(vii).

32. DOE regulations prohibit recipients of Federal financial assistance from utilizing criteria or methods of administration, including within its admission policies, that have an adverse effect on persons with disabilities, or that have the purpose or effect of defeating or substantially impairing accomplishment of the recipient's program or activity objectives with respect to qualified persons with disabilities. 34 C.F.R. §§ 104.4(b)(4), 104.42(b)(2).

33. DOE regulations provide that no qualified student with a disability shall, on the basis of disability, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any academic, research, housing, health insurance, counseling, financial aid, athletics, recreation, other extracurricular, or other postsecondary education aid, benefits, or services. 34 C.F.R. § 104.43(a). *See also* 34 C.F.R. §§ 104.43(c), 104.52(a)(1).

34. DOE regulations require covered entities to operate their program or activity in the most integrated setting appropriate. 34 C.F.R. § 104.43(d).

8

35. Aquinas College has violated Section 504 by denying Plaintiff the benefits of its programs services and activities on the basis of disability.

36. Aquinas College has violated Section 504 by maintaining rules, including eligibility criteria and methods of administration, that have the effect of discriminating against students with mental health disabilities by tending to screen them out of maintaining student status and access to campus resources, including housing, on the basis of disability.

37. As a proximate result of Aquinas College's violations of Section 504 of the Rehabilitation Act, Plaintiff has been injured as set forth herein.

38. Because Aquinas College's discriminatory conduct presents a real and immediate threat of current and continuing violations, injunctive relief is an appropriate remedy pursuant to 29 U.S.C. § 794a.

39. Plaintiff has no adequate remedy at law and unless the relief requested herein is granted, Plaintiff will suffer irreparable harm in that he will continue to be discriminated against and denied access to Aquinas College's programs and services. Consequently, Plaintiff is entitled to injunctive relief, as well as reasonable attorneys' fees and costs. 29 U.S.C. § 794a(a)(2) & (b).

40. WHEREFORE, Plaintiff requests relief as set forth below.

## THIRD CAUSE OF ACTION

### Violation of the Persons With Disabilities Civil Rights Act

### Act 220 of 1976 Michigan Government Code M.C.L. § 37.1101, *et seq.*

41. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

9

42. The Michigan Persons With Disabilities Civil Rights Act provides that the opportunity to obtain employment, housing, and other real estate and full and equal utilization of public accommodations, public services, and educational facilities without discrimination because of a disability is guaranteed by this act and is a civil right.

43. Michigan Government Code M.C.L. § 37.1402(a) provides that no institution shall discriminate in any manner in the full utilization of or benefit from the institution, or the services provided and rendered by the institution to an individual because of a disability that is unrelated to the individual's ability to utilize and benefit from the institution or its services, or because of the use by an individual of adaptive devices or aids.

44. Michigan Government Code M.C.L. § 37.1402(b) provides that no institution shall exclude, expel, limit, or otherwise discriminate against an individual seeking admission as a student or an individual enrolled as a student in the terms, conditions, and privileges of the institution, because of a disability that is unrelated to the individual's ability to utilize and benefit from the institution, or because of the use by an individual of adaptive devices or aids.

45. As persons with mental health disabilities, Plaintiff meets the definition of a "person with disabilities" according to M.C.L. § 37.1103(h).

46. Aquinas College fits the definition of an educational institution according to M.C.L. § 37.1401.

47. Aquinas College has denied Plaintiff full and equal access to the benefits of Aquinas College's programs and activities, on the basis of disability.

48. Aquinas College has violated Michigan Government Code M.C.L. § 37.1402 by excluding Plaintiff, who has mental health disabilities from the full utilization of or benefit from the institution, or the services provided and rendered by the institution.

49. Aquinas College's actions have violated and continue to violate Michigan Government Code M.C.L. § 37.1402 and therefore Plaintiff is entitled to injunctive relief to remedy the discrimination, and damages including reasonable attorneys' fees. M.C.L. § 37.1606(1)(3).

50. As a proximate result of Aquinas College's violations of Michigan Government Code M.C.L. § 37.1402, Plaintiff has been injured as set forth herein.

51. Plaintiff has no adequate remedy at law. Unless the relief requested herein is granted, Plaintiff will suffer irreparable harm in that he will continue to be discriminated against and denied full access to Aquinas College's facilities, programs, services, and activities on the basis of disability. Consequently, Plaintiff is entitled to injunctive relief and reasonable attorneys' fees and costs.

52. WHEREFORE, Plaintiff requests relief as set forth below.


## REQUEST FOR RELIEF


53. WHEREFORE, Plaintiff requests relief as follows:

53. An injunction requiring Aquinas College to reinstate Plaintiff as an individual able to enroll as a student at the college.

54. An order enjoining Aquinas College and its employees, agents, and any and all other persons acting on Aquinas College's control from violating the ADA, Section 504 of the Rehabilitation Act, and related state laws.

55. A permanent injunction pursuant to the ADA, Section 504 of the Rehabilitation Act, and related state laws requiring Aquinas College to modify its policies and procedures to ensure that students with mental health disabilities have nondiscriminatory, full and equal access to academic, housing, health, insurance, and all other facilities, services, and activities provided by Aquinas College.

56. Award Plaintiff's attorney's fees and costs, as provided by statute.

57. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

JOSEPH BRUNEAU pro se

BY: _Joseph Bruneau_____

Self-represented Plaintiff
5020 Carson Ave. SW
Grand Rapids, MI 49548
(616) 238-8558

Dated: Dec. 9, 2019

JOSEPH BRUNEAU
5020 CARSON AVE SW
GRAND RAPIDS, MI 49548



U.S. POSTAGE PAID
FCM LG ENV
WYOMING, MI
49509
DEC 09, 19
AMOUNT

**$2.05**

1000    49503    R2304M111947-16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT, SOUTHERN DIVISION
399 FEDERAL BUILDING
110 MICHIGAN ST. NW
GRAND RAPIDS, MI 49503