# EXHIBIT 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BRUNEAU,

        Plaintiff,

v.

AQUINAS COLLEGE,

        Defendant.

Case No. 1:19-cv-01037-PLM-RSK

Honorable Paul L. Maloney

| | |
|---|---|
| Joseph Bruneau, Plaintiff pro se<br>5020 Carson Ave., S.W.<br>Grand Rapids, MI 49548<br>(616) 238-8558<br>joe_bruneau@yahoo.com | Stephanie R. Setterington (P58177)<br>Varnum LLP<br>Attorneys for Defendant<br>Bridgewater Place, P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6466<br>srsetterington@varnumlaw.com |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant Aquinas College, by and through its attorneys, Varnum LLP, responds to Plaintiff's First Interrogatories as follows:

1.    Please give the number of students enrolled at Aquinas College in the Winter, 2020 semester.

**RESPONSE: 1666.**

2.    Please list the students of Aquinas College, enrolled in the last 5 years, who have criminal records, along with their corresponding criminal charges. In order to protect their anonymity *(sic)* there is no need to name them, their identities can be listed as "Student 1," "Student 2," etc., or something similar.

**RESPONSE**: Defendant objects to this Interrogatory as overly broad and unduly burdensome with regard to the time frame and scope requested, and states in further answer that its current CRM system provides searchable data responsive to this request for undergraduate applicants since 2017.   Subject to and without waiving this objection, attached please find responsive information for the three-year period of 2017 to the present, numbered as Aquinas 000059 to Aquinas 000061.

3.     On a letter you have from Community Health Board of Jackson - Hillsdale, dated August 11, 1988, there is a handwritten note from (presumably) Brad Winkler, to acting Aquinas College President, Paul Nelson. It reads: "Paul – I asked Joe to submit this letter to return. Any follow-up we should do? Brad." Please give an account of the response given by Paul to Brad Winkler on that question, and Brad's recollection of any further communication from any party on that issue.

**RESPONSE**: Due to the age of the letter and notation, which are more than 32 years old, and the unavailability of certain witnesses that could potentially provide responsive information including a key individual who is now deceased, Defendant states that it is unable, following reasonable investigation, to provide information responsive to this request other than to confirm Mr. Bruneau's request to return to the College and reside in a residence hall was granted.

4.     On a letter you have from me, dated March 12, 1991, there is a handwritten note from Paul Nelson, to Brad Winkler: "Brad Winkler – Please Advise" Please give an account of the response given by Brad Winkler to Paul Nelson on that request to advise, and Brad's recollection of any further communication from any party on that issue.

**RESPONSE**: Due to the age of the letter and notation, which are over 29 years old, and the unavailability of a certain witness that could potentially provide responsive information who is now deceased, Defendant states that it is unable, following reasonable investigation, to provide information responsive to this request other than to provide the attached documentation evidencing certain communications and decisions that were made in connection with Mr. Bruneau's March 12, 1991 letter and request.   See attached documents numbered Aquinas 000062 to Aquinas 000065.

5.      On a letter of mine you have, dated July 30, 1992, there is a handwritten note from acting Aquinas College President, Paul Nelson to Brad Winkler. It reads: "Please advise. Paul" Please give an account of the response given by Brad Winkler to that request by Paul Nelson to advise, and Brad's recollection of any further communication from any party on that issue.

**RESPONSE**: Due to the age of the letter and notation, which are over 28 years old, and the unavailability of a certain witness that could potentially provide responsive information who is now deceased, Defendant states that it is unable, following reasonable investigation, to provide information responsive to this request other than to provide the attached documentation from Mr. Winkler to Mr. Nelson.   See attached document numbered Aquinas 000066.

6.      In Plaintiff's Second Document Request item 4, I asked the College to provide any documents regarding its policies and/or the implementation of those policies on the admission of students with criminal records. Please outline the College's procedures for identifying students with criminal records, and whatever criteria it uses in deciding whether or not to accept those students (documented or otherwise.) This should include

3

the College's procedures on running criminal background checks, whether, or not, it does so for all prospective students, etc.

**RESPONSE**: The College requires applicants for undergraduate enrollment at the College to complete an application for admission which asks the following questions:

> Have you ever been convicted of a felony or misdemeanor, other than minor traffic offenses?

> Are there criminal charges pending against you at this time?

The College currently utilizes online and Common Application formats for receipt of this information. Applicants who respond to either of these questions affirmatively are asked to provide further detail regarding the offenses and/or charges and the relevant circumstances. Such applications and additional information are submitted for the College's review and consideration of whether additional information is needed, and/or for a determination as to whether or not the criminal history renders the candidate ineligible for an offer of admission. Such determination is a multi-factored process which considers information such as the nature of the criminal offense(s), the time frame in which such offense(s) occurred, the status of the offense(s), the number of offense(s), evidence of rehabilitation, safety considerations, and any other aggravating or mitigating factors that may be present. Certain programs within the College may have additional requirements and/or procedures beyond the baseline process above, such as programs in which professional licensing considerations require a more stringent review. Defendant objects to detailing such additional procedures for such particular programs on the basis that they are not relevant to the claims in this case given Plaintiff's stated desired field of study, and on the basis that the burden or expense of identifying and detailing such policies and procedures outweighs any likely benefit in the case.

4

7.    In Plaintiff's First Document Request, I asked the College to provide a document that Brad Winkler required me to sign as a condition of returning to my dorm room around September 17, 1990. Your response was that the document could not yet be found. Until such a time as that document is found, please provide Brad Winkler's best recollection of the nature of that agreement.

**RESPONSE: The attached documents numbered Aquinas 000067 to Aquinas 000068 are the only items Aquinas College identifies as pertaining to the conditions for Mr. Bruneau's return to campus in September 1990. Mr. Winkler does not recall any separate agreement distinct from what is set forth in the attached.**

8.    What specific information about me from Don Boyd's report (of his examination carried out Dec. 23, 1993) led the college to conclude I should not be allowed to return as a student?

**RESPONSE: Due to the remoteness of this event, which occurred over 25 years ago, and the unavailability of certain witnesses that could potentially provide responsive information including a key individual who is now deceased, Defendant states that it is unable, following reasonable investigation, to provide additional information other than Dr. Boyd's report and the attached letter, numbered Aquinas 000069, which reflect the information that was provided by Dr. Boyd to Mr. Nelson within the time frame of the determination concerning Mr. Bruneau's request to be readmitted.**

9.    The Aquinas incident report of Feb. 11, 2016, page 8 refers to a conversation between GRPD Officer Mike Duke where Duke "updated" Aquinas personnel "on the history of Joseph Bruneau." What specifically was communicated by Duke to College personnel in this "update?"

**RESPONSE: The Campus Safety personnel involved in this discussion do not have a full recollection of every specific statement communicated by Officer Duke in this conversation, but have a general recollection that Officer Duke cautioned them during this conversation that they needed to be careful around Mr. Bruneau, that he had last been known to be in Toronto prior to this incident, and that the Grand Rapids Police Department had previously attempted to help or had been attempting to help authorities so that Mr. Bruneau would not be allowed to return to the country.**

10.    What facts from the Aquinas incident report of Feb. 11, 2016 back up College officials' assertion that my behavior at that time was "harassing, intimidating and disruptive to our students and other patrons of the College and our library," as was asserted by Brian Matzke in his email of Oct. 19, 2017?

**RESPONSE: The facts are outlined in the attached documents numbered Aquinas 000070 to Aquinas 000081, and are considered as a whole in support of the conclusion.  Without limitation, key facts referenced in the report that support the conclusion include that multiple students and employees, in multiple locations on Aquinas' campus, experienced interactions with Mr. Bruneau on the night of February 10, 2016 that caused them to seek assistance from the Campus Safety Office (pp. 1, 2).  The following behaviors were reported by witnesses and/or observed by Campus Safety personnel:**

- **Mr. Bruneau accessed or attempted to access several College buildings on the night of February 10, 2016, including buildings not open to the public.**

- **Mr. Bruneau asked a student to allow him to store his bags in the student's room and stay the night there (p. 3).  Mr. Bruneau's bags were subsequently discovered to contain chains and ropes, dildos and other sexual toys and apparel (p. 4).**

- Mr. Bruneau entered the Academic Building, entered a classroom of a class in session, and was kicked out by the instructor (p. 2).

- Mr. Bruneau entered the Library and interrupted and disrupted students who were studying by engaging in the following behaviors:

  o Sitting down at a table of such students and playing music loudly on his phone (p. 3).

  o Asking random questions of such students (p. 6).

  o Pulling out vials of unknown substances and pills and attempting to engage a student who was trying to study in conversation about them (pp. 3, 6).

  o Approaching a library shelving unit in proximity to a student and acting like he was pushing a large book off the shelf (p. 6).

  o Acting like he was going to push the shelving unit over (p. 6).

  o Moving in and out of his seat repeatedly (p. 8).

  o Talking in a loud manner (p. 8).

  o Sporadically getting up to pace and go talk to female students (p. 3).

  o Physically bumping into one such student as he walked by her (p. 8).

- Grabbing the arm of a student Campus Safety officer who was in the process of warning him his disruptive behavior needed to cease (p. 3).

- Commenting regarding the student Campus Safety officer: "Wow, you are really big" (p. 4).

- Making odd comments to Campus Safety officers about the contents of his backpack (p. 4). While referenced generally in the report, Mr. Bruneau's specific

comments included, without limitation, a statement about a basket and rock in his bag that "I have a weapon. I can swing it at someone."

- Pulling a razor out of his bag and beginning to shave his face in the Campus Safety Office (p. 4).
- Making sexually inappropriate comments to Campus Safety officers (p. 4). While referenced generally in the report, specific comments included, without limitation:
  - Mr. Bruneau stated to one officer, "You just want to take me home and fuck me."
  - Mr. Bruneau asked the student Campus Safety officer if he would "be a porn star in a video" for Mr. Bruneau, then attempting to touch the officer.
- Repeatedly putting on and taking off clothing, stalling and disrupting Campus Safety officers' attempts to escort him off campus (p. 4).
- Behaving in an increasingly agitated and non-cooperative manner toward Campus Safety officers as they continued to communicate to him that he needed to leave the campus.

Mr. Bruneau's actions and refusal to cooperate with the Campus Safety officers' requests that he leave the campus continued until after midnight, at which time the Campus Safety Office was forced to contact the Grand Rapids Police Department for assistance in removing Mr. Bruneau from the campus.

11.   Which behaviors identified in the previous interrogatory, if engaged in by an Aquinas student, would be grounds for the student's expulsion from the College?

**RESPONSE:** Defendant objects to this Interrogatory on the basis that the evidence sought is not relevant or proportional to the needs of the case in that Mr. Bruneau was not a

8

student at the time of the 2016 incident or any response thereto, but rather only a member of the general public, and further in that Mr. Bruneau's expulsion in 1990 occurred 25 years prior to the time frame requested, involved different administrative personnel and likely different conduct rules and disciplinary or corrective action procedures. Defendant further objects on the basis of undue burden to the extent the gathering of such information would require review of individual student files. Subject to and without waiving these objections, see response to Interrogatory 12.

14.     The College's criteria for issuing a Notice of Trespass are as follows:

- causes harm or inflicts injury to members of the College community

- threatens, harasses or intimidates members of the College community

- disrupts academic and administrative business of the College

- causes damage to College property or the personal property of members of the College community

- commits serious or other criminal activity

- violates College policy

- Providing false information to College officials

Which of the above criteria did my behavior meet on February 10-11, 2016? (Please cite specific behaviors along with the above criteria that were met by those behaviors in your response, And please explain exactly how my behavior met those criteria for each instance the College asserts it did.)

RESPONSE: Defendant maintains that Mr. Bruneau's behavior met the following criteria:

- Threatens, harasses, or intimidates members of the College community. See Response to Interrogatory 10.

10

- Disrupts academic and administrative business of the College.  See Response to Interrogatory 10.

- Commits serious or other criminal activity.  Mr. Bruneau's refusal to comply with Aquinas College's requests that he leave its property constituted criminal trespass.  Mr. Bruneau testified that he pled guilty to and was convicted of this offense arising from his behavior at Aquinas in this incident.

As to objections,

By: _____
Stephanie R. Setterington (P58177)
Varnum LLP
Attorneys for Defendant
Bridgewater Place, P.O. Box 352
Grand Rapids, MI  49501-0352
(616) 336-6466
srsetterington@varnumlaw.com

## CERTIFICATE OF SERVICE

I, Jodi L. Johnson, of Varnum LLP, hereby certify that on the 31st day of August, 2020, I served a copy of the foregoing by e-mail upon the following party:

Joseph Bruneau, Plaintiff pro se
joe_bruneau@yahoo.com

Dated: August 31, 2020

/s/ Jodi L. Johnson
_____
Jodi L. Johnson
Legal Assistant to Stephanie Setterington
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI  49501-0352
(616) 336-6608
jljohnson@varnumlaw.com

STATE OF MICHIGAN    )
                              )
COUNTY OF KENT      )

        The undersigned, being first duly sworn on oath, deposes and says that the undersigned is the Vice President and Chief Financial Officer of Aquinas College, that the undersigned has read the foregoing Defendant's Response to Plaintiff's First Set of Interrogatories on behalf of Aquinas College; that the foregoing responses are based on information communicated by Aquinas College personnel and other persons and information obtained from books and records of Aquinas College and that the undersigned has no reason to believe that the foregoing responses are not true and correct.

                                      _____
                                      Vice President and Chief Financial Officer
                                      Aquinas College

Subscribed and sworn to before me this 31st day of August, 2020.

_____
Notary Public, Kent County
State of Michigan
My Commission expires on: 11/15/22

16841347_1.docx