UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOSEPH BRUNEAU,                                            Case No. 1:19-cv-01037-PLM-RSK

        Plaintiff,                                            Honorable Paul L. Maloney

v.

AQUINAS COLLEGE,

        Defendant.

---

Joseph Bruneau, Plaintiff pro se
5020 Carson Ave., S.W.
Grand Rapids, MI  49548
(616) 238-8558
joe_bruneau@yahoo.com

Stephanie R. Setterington (P58177)
Varnum LLP
Attorneys for Defendant
Bridgewater Place, P.O. Box 352
Grand Rapids, MI  49501-0352
(616) 336-6466
srsetterington@varnumlaw.com

---

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

After the moving party has satisfied its burden of establishing that the discovery, disclosure documents, and any affidavits show there is no genuine issue of material fact to an essential element of Plaintiff's case, the burden shifts to the non-moving party to **set forth "specific facts** showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986) (emphasis added.)  The opposing party's burden is to provide probative *evidence*, based on more than mere speculation, conjecture, or fantasy, to prevail.  *Arendale v. City of Memphis,* 519 F.3d 587, 601 (6th Cir. 2008). Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment. *Lewis v. Philip Morris Inc.,* 355 F.3d 515, 533 (6th Cir. 2004).

In the present case, Plaintiff has failed to present any evidence or authority to overcome Defendant's motion.  First, Plaintiff served a purported response to the motion but does not appear to have filed it with the Court.  A party opposing a motion for summary judgment must file a response as provided under the Court Rules within 28 days after the motion is filed.  W.D. Mich. LCivR 7.3(c).

Even if this failure were excused and Plaintiff's response considered to have been properly submitted to the Court, Plaintiff's response contains no citations to any "particular parts of materials in the record," such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials," as specified by Federal Rule 56(c)(1)(a), or any legal authority that would support the existence of an issue of material fact to warrant denial of Defendant's motion.  Plaintiff's response consists only of his own opinions, speculation, and unsupported assertions, which are insufficient to establish a genuine issue of material fact.  *Arendale, Lewis, supra.*

Plaintiff's assertions further, beyond being unsupported in the record, fail on their face to address the fatal defects of his claims as outlined in Defendant's principle brief.  For example, while Plaintiff maintains he did not intend "to do anything nefarious" with the sexual paraphernalia he had in his possession when he engaged in his trespass and efforts to stay the night at Aquinas, he offers no evidence to suggest the Aquinas personnel were acting on anything other than an honest belief that he presented a safety risk on the basis of his actions and the items found in his possession.  That honestly held belief is a non-discriminatory reason for the College's actions and is not an act of discrimination or a failure to make reasonable accommodation of disability.  *See, Blizzard v. Marion Technical College,* 698 F.3d 275, 286 (6th Cir. 2012) (a defendant's reasonable reliance on the particularized facts that were before it at the time the decision was made, even if

arguably incorrect or mistaken, does not support a finding of discrimination absent specific evidence showing the defendant did not honestly believe in the proffered non-discriminatory reason for its action).[1]   Plaintiff likewise sets forth no evidence or legal authority to establish a basis for treating his situation any differently than the cases cited in Defendant's principal brief regarding the statute of limitations; fails to cite any evidence or authority other than his own skewed opinion as to whether the direct threat defense applies; fails to support his assertion that his OCR charge was "dropped" as opposed to settled as his letter and testimony indicated, in addition to other failures to address Defendant's supported arguments set forth in its principal brief.

For these reasons, in addition to the reasons stated in Defendant's initial motion and brief, the Court should grant Defendant's motion for summary judgment and dismiss Plaintiff's Complaint, with prejudice, in its entirety.

Respectfully submitted,

VARNUM LLP
Attorneys for Defendant

Dated:  December 16, 2020        By:    */s/ Stephanie R. Setterington*
Stephanie R. Setterington (P58177)
Bridgewater Place, P.O. Box 352
Grand Rapids, Michigan 49501-0352
(616) 336-6466
srsetterington@varnumlaw.com

---

[1] The "honest belief" rule would likewise apply to Plaintiff's efforts to minimize the extent of his incidents while a student.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of December, 2020, a copy of the foregoing was served by e-mail and regular United States mail, postage prepaid, upon the following party:

    Joseph Bruneau, Plaintiff pro se
    5020 Carson Ave., S.W.
    Grand Rapids, MI  49548
    joe_bruneau@yahoo.com

                      */s/ Stephanie R. Setterington*
                 Stephanie R. Setterington (P58177)

17319257.1