**FILED - GR**
December 16, 2020 11:59 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JW /12-16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BRUNEAU

    Plaintiff,                                CASE NO: 1:19-cv-1037

v.                                               HON. PAUL L. MALONEY

AQUINAS COLLEGE

    Defendant.

| | |
|---|---|
| JOSEPH BRUNEAU, pro se | Stephanie R. Setterington (P58177) |
| 5020 Carson Ave. SW | Varnum LLP |
| Grand Rapids, MI 49548 | Attorneys for Defendant |
| 616-238-8558 | Bridgewater Place, P.O. Box 352 |
| joe_bruneau@yahoo.com | Grand Rapids, MI 49501-0352 |
| | 616-336-6466 |
| | srsetterington@varnumlaw.com |

## **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION ANSWERING DEFENDANT'S MOTIONS FOR SUMMARY JUDGEMENT**

### FACTS

Defense claims "Aquinas made several accommodations and modifications to its policies and procedures during Plaintiff's tenure. Ultimately, however, given Plaintiff's refusal to abide by

his treatment provider's recommendations, the accompanying risk of harm his repeated behaviors presented, and the impact on his ability to sustainably participate in college activities, he was expelled in 1990." Aquinas should stop acting like it is an authority on the subject of Plaintiff's mental health treatment. Treatment decisions should be left to Plaintiff and his caregivers. Aquinas College did not, and to my knowledge, it does not have psychiatrists on staff, but it has insisted it knows best what treatment options are appropriate for Plaintiff. I really wish this would stop. The notion that Plaintiff could not sustainably participate in college activities is false. His good academic record at various other institutions after expulsion from Aquinas bears this out. While attending Aquinas College, he maintained a good or passing, if not stellar, academic record. Defense seems to want to argue: "We were nice to Plaintiff, we gave him benefits with regard to academic policies that allowed him to continue, and this is the thanks we get: We are being told we discriminated against him." Non-discrimination is an ideal the College claims it adheres to. In reality, it's behavior against Plaintiff, an actual person instead of a trope show that "adherence" to be a fantasy.

Defense mentions Plaintiff's appearance on Aquinas' campus in February 2016 and makes a number of unfounded claims regarding Plaintiff's behavior and intentions. Here are the facts: The GRPD had interfered with Plaintiff's travel plans. He had nowhere to go after missing his bus, and so he went to the Aquinas campus because it was once a place where he felt welcome. He was traveling, and he had a number of personal items with him in his luggage. Although Defense claims otherwise, he had no intention, nor did he utilize or imply that he planned to utilize those personal items at the college. After he was arrested and the information concerning his personal belongings was "shared" with the college, an intention on his part was

manufactured concerning the use of his personal (and legally owned) property that was never there. The personal items with him were merely packed in his luggage because he was traveling. There was never an actual intention by the Plaintiff to do anything nefarious at the college. He just visited there because he felt he had no where else to go and it was the middle of winter.

Plaintiff plead guilty to the charge of trespassing because he had already served over the maximum sentence by then, and forcing a court case from the issue would have allowed him to gain nothing but additional hardships. Those hardships would include additional trips to Michigan to litigate the case. That would have amounted to zero gain for Plaintiff because a guilty plea would involve no further jail time, no fine, and Plaintiff already had a criminal record. Although Plaintiff believes he was not guilty of trespassing, pleading not guilty was not a viable move. Defense, in error however, regards this guilty finding to be the last word on the matter.

Defense argues that Plaintiff's claims are time-barred. Quite simply, Plaintiff would like to be able to return to Aquinas College as a student TODAY. Aquinas College continues to refuse Plaintiff's request to return TODAY. Unless the college makes changes to its stance on this matter, then there is obviously no issue of this matter being too far in the past. It continues to happen now. If Plaintiff were to try to resume his studies at the college now, he would not be allowed to return. If he were to set foot on campus, Aquinas officials have said they would have him arrested for trespassing. These are discriminatory acts that are happening now. What should be time-barred?

The problem with not allowing certain facts concerning the College's past treatment (like from the late 80s to early 90s) of Plaintiff is this: Defense might argue its past treatment of

Plaintiff is time-barred and therefore irrelevant. However, it needs to be regarded, otherwise the College could argue it's current discriminatory treatment of Plaintiff is just a continuation of its past treatment of Plaintiff. This would necessitate a review of those past actions. Defense can't argue that past behavior of Aquinas and Plaintiff is irrelevant if it is relying on such a history to justify actions it continues from then to the present time; that is, barring Plaintiff from participating as a student at its campus.

The "direct threat" defense only applies to certain anti-discrimination statutes, not all of them. There have been no instances where Plaintiff has put himself or anyone else in any danger while attending Aquinas College or any other institution of higher learning. The "direct threat" defense, when applied to Plaintiff in this case, is a red herring argument.

Defense states "Plaintiff did not make any request for modification based on a disability." How was Plaintiff supposed to make a request for modification when he wasn't allowed to attend? Only when the college allows Plaintiff to be readmitted, can it logically offer modifications to its policies to accommodate his disability. Defense saying that Plaintiff has not made a request for modification when he isn't allowed to attend is poor attempt at copping out from the relevant issue of the college barring Plaintiff from pursuing his education there.

Defense makes the point that the College considers any applicable criminal history when considering applications for admission. In this case, we are not talking about a new applicant. Plaintiff already went through the Aquinas admissions process and was accepted, and was in fact a student in good standing at Aquinas for a number of semesters before being expelled. Defense seems to argue that Plaintiff would fall short of some kind of fictional process of continuous

student verification. No such process exists. But in Plaintiff's case, because Plaintiff is a person with a mental-health disability, the college forces such a fictional standard upon him.

Defense references a disciplinary infraction committed by Plaintiff. The infraction was in response to an over-reaching directive by a resident advisor. Plaintiff had constructed a harmless "cushion fort" around a sleeping student in the dorm's common area, and refused the resident advisor's directive to dismantle it. Plaintiff subsequently went through the required disciplinary procedure, and continued his studies subsequently. With this one infraction, Defense is making a mountain out of mole-hill trying to use one instance to characterize Plaintiff as a problem student. Such a characterization is not accurate. Other than that one infraction, Plaintiff maintained a fairly spotless disciplinary record at Aquinas College and at a number of other colleges he attended afterward.

Defense implies that Aquinas was correct in its decision to expel Plaintiff in 1990. A reasonable person has to wonder: Would Aquinas feel justified in expelling all students with mental health disabilities for similar reasons? Plaintiff is not unique. His disability does not cause him to behave in such a remarkable way as any person with a mental health disability might. Is Aquinas College exempt from the law when it comes to its treatment of students with mental health disabilities because they tend to behave, at times, in a way the college finds unpleasant?

Defense has sought to point out every instance of bizarre behavior that Plaintiff has ever been a part of on the Aquinas campus and elsewhere. Unfortunately, bizarre behavior is a characteristic of Plaintiff's disability. If Aquinas College can dictate that they follow anti-discrimination laws only when disabled students don't act in ways that their disabilities dictate,

then that's compliance with the idea that people shouldn't be discriminated against in theory only, not in practice, and the discrimination continues.

Defense argues Plaintiff's claims are barred by a prior settlement of an OCR charge. In fact the charge was never settled, it was dropped.

Plaintiff asks the Court to please consider allowing this case to continue.

Respectfully Submitted,

JOSEPH BRUNEAU, pro se

*Joseph Bruneau*

Self-represented Plaintiff
5020 Carson Ave. SW
Grand Rapids, MI 49548
(616) 238-8558
joe_bruneau@yahoo.com

Dated: Dec. 2, 2020



US DISTRICT COURT
WESTERN DISTRICT, SOUTHERN DIV.
399 FEDERAL BLDG
110 MICHIGAN ST. NW
GRAND RAPIDS MI 49503
USA