UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BRUNEAU,

                  Plaintiff,                   Case No. 1:19-cv-1037

v.                                     Hon. Paul L. Maloney

AQUINAS COLLEGE,

                  Defendant.

_____/

## REPORT AND RECOMMENDATION

On December 10, 2018, *pro se* plaintiff Joseph Bruneau filed this lawsuit against defendant Aquinas College (sometimes referred to as "Aquinas"), alleging violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Michigan Persons With Disabilities Civil Rights Act ("PWDCRA") when defendant: expelled him in 1990; refused to rescind the expulsion; issued a "no trespass" order against him in 2016; refused to rescind the "no trespass" order; and had him charged with trespassing. Compl. (ECF No. 1). This matter is now before the Court on defendant's "Motion for dismissal or other sanction based upon plaintiff's violation of court discovery order" (ECF No. 44). This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Non-document order (April 9, 2021).

        I.        <u>Discussion</u>

On April 13, 2020, the Court entered a case management order (CMO) which divided discovery into two phases:

      Phase I will be conducted between March 24, 2020, and July 23, 2020. During
      Phase I, the parties will make Rule 26(a)(1), (2) and (2)(b) disclosures. Defendant

will take plaintiff's deposition. The parties will conduct any expert discovery, including an independent medical examination of plaintiff. Phase II will commence February 24, 2021, and conclude April 24, 2021. Phase II will include any discovery not completed during Phase I.

CMO (ECF No. 19, PageID.80).

On June 17, 2020, pursuant to the parties' stipulation, the Court extended Phase I discovery until August 31, 2020. *See* Order (ECF No. 27). In the stipulation, the parties noted that Phase I discovery included "initial written discovery, completion of Plaintiff's deposition and any elected expert discovery, including an IME of Plaintiff related to his status as a qualified individual with a disability." *Id*. This phase was impeded due to COVID-19 restrictions; specifically, plaintiff (who the Court understands is a dual citizen of the United States and Canada) "has advised that he is currently in Ontario, Canada and remains unable to cross the border due to such restrictions." *Id*.

Based on the record, it appears that the Phase I discovery was not completed as scheduled. On August 14, 2020, defendant filed a "Motion to compel plaintiff's disclosure of criminal / incarceration history" (ECF No. 29). To place the requested discovery in context, defendant summarized the 2016 incident as follows:

On the night of February 11, 2016, Plaintiff appeared on the campus of Aquinas College. Plaintiff was 46 years old and had not been a student at Aquinas for approximately 26 years. That evening, Aquinas College's Campus Safety Office received and responded to several reports of strange behavior by Plaintiff on the campus, including Plaintiff attempting to gain access to secured Aquinas buildings; entering the Academic Building and interrupting a class in progress; Plaintiff soliciting a student to let him store his bags in the student's room and to allow Plaintiff to stay overnight with the student; and Plaintiff going to the library, where he engaged in harassing, disruptive, erratic, and intimidating conduct toward several students. Plaintiff was requested to stop his disruptive and erratic behavior and refused to do so. Aquinas Campus Safety personnel therefore asked Plaintiff to leave campus, but Plaintiff would not comply. Plaintiff then engaged in a number of bizarre and troubling actions toward Campus Safety personnel, such as pulling a rock out of his bag and indicating it was a "weapon," grabbing the arm of a Campus Safety officer; pulling out a razor and dry shaving his face in front of the

2

officers, making sexually suggestive and intimidating remarks to the officers, and
putting on and taking off clothes.  At nearly midnight, Aquinas Campus Safety
personnel were forced to call the Grand Rapids Police Department ("GRPD") due
to Plaintiff's refusal to leave.  The GRPD responded to the incident and arrested
Plaintiff for trespass.  In the course of Plaintiff's arrest, Plaintiff's bags were
searched and found to contain women's underwear, sexual toys and bondage
paraphernalia.  GRPD officers discussed with Aquinas personnel that Plaintiff had
a history of several serious criminal infractions.  Aquinas determined to issue a "no
trespass" order to Plaintiff based on the event.  Plaintiff was convicted and served
jail time for criminal trespass.

Defendant's Brief (ECF No. 30, PageID.106-107).

In its motion, defendant explained the relevance of plaintiff's criminal history:

Aquinas, among other defenses, maintains that its treatment of Plaintiff was
based on legitimate, non-discriminatory reasons, namely his conduct, and not upon
his alleged disability status.  Aquinas further intends to counter Plaintiff's assertion
in the Complaint that the "no trespass" order was "unwarranted" by showing that
the order was, in fact, warranted, both based on Plaintiff's conduct and on
information that was disclosed to Aquinas about Plaintiff's criminal history which,
on information and belief, is substantiated.

Aquinas also anticipates arguing that Plaintiff is not a "qualified individual"
with a disability, to the extent his conduct and history (including potential criminal
history that is the subject of this motion to compel) preclude him from satisfying
the standards for enrollment at Aquinas.  Aquinas will also argue that modification
of its ordinary policies and procedures to relieve the "no trespass" order would not
constitute a reasonable accommodation in light of Plaintiff's conduct and,
potentially based on his criminal history.  Aquinas may also argue that Plaintiff is
not entitled to the relief he seeks to the extent the grant of such relief would present
a direct threat to the health and safety of Plaintiff or others.

*Id*. at PageID.108.  In this regard, the application for admission to Aquinas asks the applicant

"Have you ever been convicted of a criminal offense other than a minor traffic violation", "Are

there criminal charges pending against you at this time?", and "**If YES to any question, please

attach a statement of explanation**" (ECF No. 30-4, PageID.135) (emphasis in original).

Defendant sought to compel responses to interrogatories 3, 9, and 11, and document

requests 3 and 4.  Motion at PageID.104.  In his response, plaintiff objected to providing

information regarding his criminal history and incarceration history as irrelevant.  Defendant's

3

Brief at PageID.109-110.  In light of this discovery dispute, the Court extended some case management deadlines pursuant to a second stipulation.  *See* Order (Aug. 25, 2020) (ECF No. 33).[1]

The Court set defendant's motion for an in-person hearing on September 8, 2020 (ECF No. 31), and then re-scheduled it as a video hearing (ECF No. 36).  Plaintiff failed to attend the hearing.  *See* Minutes (ECF No. 39).  The Court re-scheduled the video hearing to September 21, 2020.  *See* Notice (ECF No. 38); Minutes (ECF No. 40), and Transcript (ECF No. 48).

The Court addressed each discovery request at the hearing.  The Court commenced with plaintiff's objection related to civil litigation history in interrogatory 3:

> THE COURT: I am going to go through them so you won't have to guess about them.  I've got them right in front of me.  So interrogatory 3 Aquinas asks you, have you ever been a party to a lawsuit or any other legal proceeding whether civil or criminal, including Workers' Compensation or arbitration, other than the present lawsuit?  If so, state the name of each case, the court in which the matter was/is pending and the date and manner of disposition of the case.
>
> I can tell you, Mr. Bruneau, that asking the opposing party about, and particularly plaintiffs, whether they have been in litigation before is a standard question.

Trans. (ECF No. 48, PageID.238).

Then, the Court addressed the discovery related to plaintiff's criminal history.  At first, the Court stated that evidence of arrests is not discoverable, but evidence of convictions is

---

[1]  The Court extended the following deadlines:

"a. Per Plaintiff's preference, his deposition will proceed as currently scheduled. If the Court grants the Motion in whole or in part, Defendant will be permitted to conduct further deposition of Plaintiff regarding the topics for which the Motion is granted, notwithstanding the August 31, 2020 Phase 1 discovery deadline.

b. The deadline for expert discovery, and the corresponding deadline for exchange of expert reports, will be extended until October 16, 2020.

c. The deadline for dispositive motions will be extended until November 6, 2020."

Stipulation and Order (ECF No. 33).

discoverable.  *Id.* at PageID.239.  After further discussion, the Court focused on interrogatory 9 which asked,

> State whether you have ever been arrested, entered a plea of guilty, or been convicted of any crime. If so, state the date of the arrest and/or conviction, and the location of the arrest and/or conviction, and the law enforcement agency involved in the arrest.

Defendant's Brief at PageID.30.  The Court made the following ruling:

> *Evidence of arrests arising from allegations of violence you will produce* because I think those are fair game for the reasons that I outlined earlier with respect to Aquinas's admission policy for all students, not just you, but for everybody. So -- but other arrests. I don't know, I mean, *if you have arrests for -- arrests that did not result in convictions for crimes other than crimes involving violence you don't have to produce those.*

*Id.* at PageID.241-242 (emphasis added).

Next, the Court addressed interrogatory 11 which asked "[f]or any time periods you were incarcerated between January 1990 and the present, identify for each period of incarceration the dates of incarceration, the name and location of the facility in which you were incarcerated, and the reason for the incarceration."  *Id.* at PageID.242.  The Court found that the interrogatory was a fair question (*e.g.*, the Court noted that "if you are incarcerated, obviously you are not available to be a student").  *Id.*

Next, the Court addressed request to produce 3,

> Any and all documents in your possession or control related to your arrest by the Grand Rapids, Michigan Police Department in February 2016, including documents related to the arrest itself, subsequent criminal charges, incarceration, court proceedings, and/or the disposition of the criminal charges asserted in connection with such arrest.

*Id.* at PageID.243; Defendant's Brief at PageID.109-110.  The Court directed plaintiff to produce documents in both the campus police report and the Grand Rapids Police Department (GRPD) report.  Trans. at PageID.243-244.

5

With respect to request to produce 4, the Court stated that the ruling would be the equivalent of interrogatory 9.[2] *Id*. at PageID.245.  The Court clarified the requested documents as follows,

> THE COURT.  Moving to document request No. 4, this is really, I guess, the document request equivalent of interrogatory 9, so my ruling on 9 and 4 would be the same and that would be documents related to any criminal charges or proceedings involving allegations of violence.
>
> And then any conviction records -- just so we're clear, Mr. Bruneau, let's say you were convicted of shoplifting, you know, in 2000. Convicted, okay? Those records I want you to produce because they are conviction records.  If you were charged with shoplifting in 2000 and not convicted, then you don't have to produce those records if it was just an arrest and it got dismissed or nolle prossed or whatever for some reason. Are you clear on the difference?
>
> MR. BRUNEAU: Yes.

*Id*. at PageID.245-246.

> The Court entered its order the next day, stating in pertinent part as follows:
>
> Oral argument was held this date on Defendant's Motion to Compel Plaintiff's Disclosure of Criminal/Incarceration History (ECF No. 29).  As more fully set forth on the record at the hearing, the motion is **granted in part** and **denied in part** as follows:
>
> 1. **Defendant's Interrogatory No. 3.** Granted as to civil cases.
>
> 2. **Defendant's Interrogatory No. 9.** Granted as to all criminal convictions and all arrests arising from allegations of violence.
>
> 3. **Defendant's Interrogatory No. 11.** Granted.
>
> 4. **Defendant's Document Request No. 3.** Granted.
>
> 5. **Defendant's Document Request No. 4.**  Granted as to criminal convictions and arrests arising from allegations of violence.
>
> Plaintiff shall furnish responses as outlined above no later than **October 6, 2020**.

---

[2] Request to produce 4 asked plaintiff to produce, "Any and all documents in your possession or control related to any other criminal charges or proceedings asserted against you in any jurisdiction since January 1990, including any records concerning court proceedings, incarceration and/or probation for such charges or proceedings."  Defendant's Brief (ECF No. 30, PageID.110).

Order (ECF No. 41) (emphasis in original).

On September 28, 2020, the Court extended the case management deadlines again. *See* Order (ECF No. 43).  The Court issued the second order because the original extension (ECF No. 33) was based on the assumption that the motion hearing would occur on September 8, 2020. The new order extended the deadline for expert discovery and for exchange of expert reports to October 29, 2020, and the deadline for filing dispositive motions to November 19, 2020.  *Id*.

On October 15, 2020, defendant filed the present motion for sanctions because plaintiff violated this Court's discovery order of September 22, 2020.  In the motion, defendant's counsel stated that she has conferred in good faith with plaintiff to secure resolution of the discovery dispute without Court action, "but Plaintiff continues to refuse to provide the requested discovery."  Motion (ECF No. 29, PageID.105).

On October 16, 2020, plaintiff sent an email to defendant's counsel stating that his response was delayed because he was "on the road" due to an "extended trip" in the United States:

> I've been on the road and that is the reason I have not responded to your emails.
>
> I just arrived back home in Canada last night after my extended trip to the US which began around the time of the Zoom Court appearance. I could not provide the documents earlier because they are all here. I can provide them within a few days.
>
> I'm sorry about the lack of adherence to the Court's order. Hopefully you and the Court will understand.

Plaintiff's email (ECF No. 47-2, PageID.203).

On November 5, 2020, defendant filed a "supplement" to their motion regarding events which occurred since it filed the motion to compel.  Plaintiff issued his amended responses to the interrogatories and document production requests on October 23, 2020.  *See* Plaintiff's

Responses (ECF No. 47-3).  Defendant points out that plaintiff made unilateral modifications to the scope of the information to be produced, which resulted in him providing no information about his convictions, arrests, or incarcerations other than a copy of the arrest record for his arrest at Aquinas.  *See* Defendant's Supplement at PageID.197.

Defendant states that plaintiff violated the Court's order because he improperly confined the scope of his responses to criminal convictions to those involving "allegations of violence," rather than all convictions.  Defendant's independent research found four criminal convictions: a 2001 conviction for felony assault of a police officer in Ohio, for which plaintiff was sentenced to prison for two years (ECF No. 47-4, PageID.213); a 2000 guilty plea and conviction for criminal sexual conduct fourth degree (CSC-4) in Walker, Michigan that originated as a felony arrest and resulted in confinement (ECF No. 47-4, PageID.214); a 2014 guilty plea and conviction for disturbing the peace in Wayland, Michigan which resulted in a fine or confinement (ECF No. 47-4, PageID.214); and the 2016 guilty plea and conviction for trespass (ECF No. 47-4, PageID.214-215).

In interrogatory 9, which related to criminal arrests and convictions, plaintiff responded:

Criminal Convictions: None arising from allegations of violence.

Arrests arising from allegations of violence: No legitimate arrests from allegations of violence.

Plaintiff's Response (ECF No. 47-3, PageID.209).

In interrogatory 11, which related to incarceration since 1990, plaintiff stated:

I was never justly incarcerated as a result of an allegation of violence.  I was incarcerated while awaiting trial on the murder charge, but that resulted in a dismissal of the case with prejudice.

*Id.*

Finally, in request to produce 4, seeking documents related to criminal charges, proceedings, and incarcerations since January 1990, plaintiff stated:

> Criminal convictions and arrests arising from allegations of violence: No convictions, no legitimate arrests (see response to Interrogatory 11 above).

*Id.* at PageID.210.

Through additional investigation, defendant found evidence for arrests which involved violent crimes.  Newspaper articles referred to a 1997 indictment for open murder, arising from the death of a fellow mental institution patient in Grand Rapids (ECF No. 47-5, PageID.217)[3] and a previous charge of malicious destruction of property related to an incident in which plaintiff drove a vehicle through the window of a Honda dealership and smashed property with a baseball bat, which apparently resulted in the jury finding plaintiff not guilty "because he was insane at the time" (ECF No. 47-5, PageID.218).   In addition, plaintiff's medical records indicate assault charges in Canada.  A hospital record from January 24, 2020 states in part:

> According to the patient, he had had a number of altercations in the days and weeks prior to coming to hospital. He reported an incident where he had gotten into a fight with a special constable when he was just trying to avoid paying a fare on the TTC. The patient reported he had head-butted the constable and he faced a Charge for assaulting this officer. He also reported that he gotten into an altercation with someone after he confronted them about bringing their bike on the TTC.

Medical Record (ECF No. 47-6, PageID.221).  Another record from February 5, 2020, states:

> Current ly [sic] he is facing charges where he got involved in an altercation with a man who had a bicycle in the subway.  According to Joeseph [sic] the man took offence after his remark about TTC bicycles and rush hour and chased him down the platform.

*Id.* at PageID.222.

---

[3] The newspaper article for the murder charge also referenced incidents in September 1994, when plaintiff brandished a sword on the Grand Rapids Community College Campus (ECF No. 47-5, PageID.218).

On November 2, 2020, plaintiff disclosed some records regarding his 1997 murder charge, but defendant states that the documents did not respond to the discovery requests. *See* emails (ECF No. 47-7).

On November 23, 2020, plaintiff filed an untimely response to defendant's motion to dismiss (ECF No. 52). In his brief (ECF No. 52-1), plaintiff set out various explanations for failing to meet the Court's deadline. Plaintiff made a vague statement about his unavailability due to his travels in the United States:

> Plaintiff was not able to comply with the Court's October 6 deadline to provide answers to Defense interrogatories and document requests because his stay in the US went longer than expected. The necessary documents and information were in Canada, and Plaintiff had to return there before he could provide the information. Plaintiff arrived back in Canada on October 14.

Plaintiff's Brief at PageID.520-521.

Plaintiff blamed defendants for filing their motion for sanctions:

> One day later, Defense counsel filed its first motion to dismiss. The dilemma facing Plaintiff was whether to respond to this motion, or to gather the documents the Court ordered him to provide. Plaintiff is not a legal team, but is one person. He provided the information and documents to Defense attorney as quickly as he could. Defense counsel has been late in providing some of its answers to Plaintiff's interrogatories and document requests as well. Plaintiff has been very accommodating in agreeing to extend deadlines when Defense has requested extra time on a number of occasions, but when Plaintiff is a bit late with something, it becomes an "emergency."

*Id*. at PageID.521.

Then, plaintiff ruminated on the distinction between a "guilty plea" and a "guilty verdict":

> The problem here is that cases against Plaintiff always ended with a guilty plea or guilty verdict. This was not usually because he believed he was guilty, but because a plea was the simplest most cost effective resolution available to him. A contested trial would result in at least further trips to argue the matter in a court case, and potential fees to retain legal counsel as well.

*Id*.

Plaintiff also claimed to be confused about providing information about his criminal history and needed more clarification from the Court:

> So, limiting discovery to only arrests where no violence is alleged would be no limit at all, because all of these cases eventually led to a conviction. For this reason, and because the language in the Court's order could be read either way, it is requested that the Court please provide clarification on the matter.

*Id*.

Plaintiff also disputed defendant's conclusions regarding his past criminal convictions.  First, plaintiff claimed that "the 2001 conviction for assault of a police officer was not an act of violence, and was therefore not included."  *Id*. at PageID.522.  Second,

> The 2000 conviction for criminal sexual conduct, 4th degree, was never an arrest for felony sexual assault as defense contends. The charge is a high-court misdemeanor, and to Plaintiff's knowledge was never anything other. The charge arose from Plaintiff spanking a man and telling him to get back to work. Not an act of violence, and therefore was not included.

*Id*.  Third, "[t]he 2014 conviction for disturbing the peace in Wayland, Michigan was not an act of violence and was therefore not included."  *Id*.

Finally, plaintiff asserted that none of the arrests identified by defendant involved acts of violence.  First, "[t]he charge of malicious destruction of property [at the Honda dealership] did not result in a guilty verdict, and the incident itself was not an act of violence."  *Id*. at PageID.523.  Second, "[t]he incident referenced in Plaintiff's medical records, in which Plaintiff was reportedly charged with assault in Canada was not an act of violence."  *Id*.  Third, "[t]he 'incident referenced in Plaintiff's medical records in which he was reportedly arrested for the assault of a man who had been riding a bicycle on the sidewalk,' was not in fact an arrest at all. This was an assault on the Plaintiff and there was no police involvement in the matter whatsoever."  *Id*.

11

Plaintiff's claims are disingenuous and unsupported by the record.  Plaintiff filed this *pro se* lawsuit in the United States District Court for the Western District of Michigan.  As discussed, plaintiff failed to appear for the September 8th hearing, which required the Court to re-schedule the hearing and re-set case management deadlines.  Plaintiff's claim that he left his papers in Canada does not justify ignoring a Court imposed deadline.  Nor does plaintiff's travel plans around the United States.

With respect to the scope of discovery, the Court explained in detail the reasons why plaintiff had to respond to the discovery and what the Court expected plaintiff to include in his responses.  Plaintiff violated the Court's order when he failed to identify his criminal convictions.  In this regard, plaintiff's claim that a guilty plea is not evidence to support a conviction is frivolous.  Plaintiff also violated the Court's order when he failed to identify his arrests for open murder, criminal sexual conduct, malicious destruction of property, assaulting a police officer, and assaulting the bicyclist.  Plaintiff's claim that these arrests did not involve crimes is frivolous.  For these reasons, the Court concludes that plaintiff should be sanctioned.

Fed. R. Civ. P. 37 (Failure to make disclosures or to cooperate in discovery; Sanctions) provides in pertinent part as follows:

> If a party .  .  .  fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

12

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).[4]

The Court considers four factors when assessing the dismissal of a complaint as a sanction for discovery:

(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Smith v. Nationwide Mutual Fire Insurance Co.*, 410 Fed. Appx. 891, 894-95 (6th Cir. 2010), quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir.1997). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.*, quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Contumacious" is defined as "perverse in resisting authority" and "stubbornly disobedient." *Carthon v. Central State University*, 290 F.R.D. 83, 87 (S.D. Ohio 2013).

Here, the sanction of dismissal is not appropriate.  Although it appears that plaintiff's failure to cooperate is discovery is due to willfulness, bad faith, or fault.  However, the Court did not warn plaintiff that his failure to cooperate in discovery could lead to dismissal and concludes that less drastic sanctions should be imposed.  Defendant sought plaintiff's criminal history for five reasons: (1) to demonstrate that defendant's treatment of plaintiff in 2016 was

---

[4] Independent of the sanctions available for the discovery violations under Fed. R. Civ. P. 37, the Court could *sua sponte* dismiss a plaintiff's complaint for failing to prosecute the action or failing to comply with a court order.  *See* W.D. Mich. LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.").

based on legitimate, non-discriminatory reasons, not upon plaintiff's alleged disability status; (2) to counter plaintiff's allegation that the 2016 "no trespass" order was "unwarranted" by showing that the order was warranted based on plaintiff's conduct and on information disclosed to defendant about his criminal history; (3) to establish that plaintiff is not a "qualified individual" with a disability, to the extent his conduct and history – including his criminal history – preclude him from satisfying the standards for enrollment at defendant; (4) to establish that modification of defendant's ordinary policies and procedures to relieve the "no trespass" order would not constitute a reasonable accommodation in light of plaintiff's conduct and criminal history; and (5) that plaintiff is not entitled to the relief he seeks to the extent the grant of such relief would present a direct threat to the health and safety of plaintiff or others.  *See* Defendant's Brief (ECF No. 30, PageID.108).

Discovery closed on April 24, 2021, and defendant has filed a timely motion for summary judgment which is ripe for review.[5]  Based on this record, defendant's motion should be granted in part and plaintiff should be sanctioned as follows.  First, pursuant to Fed. R. Civ. P. Fed. R. Civ. P. 37(b)(2)(A)(i), for purposes of this action, it is established that plaintiff was arrested and convicted of crimes of violence after his expulsion in 1990.  Second, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), plaintiff may not present any evidence to oppose any defenses raised by defendant which rely on this criminal history.

In reaching this determination, the Court concludes that plaintiff's failure to comply with the September 22, 2021 Order was not substantially justified.  Pursuant to Fed. R. Civ. P. 37(b)(2)(C), plaintiff should be directed to pay the reasonable expenses, including attorney's fees, caused by his failure to comply with this order.

---

[5] The Court notes that the discovery deadlines have not been extended; rather, the Final Pre-Trial Hearing has been moved up from June 28, 2021 to June 14, 2021.  *See* Order (ECF No. 59).

II.     <u>Recommendation</u>

For these reasons, I respectfully recommend that defendant's motion for sanctions (ECF No. 44) be **DENIED** as to dismissal of plaintiff's action, and **GRANTED** with respect to other sanctions pursuant to Fed. R. Civ. P. 37 as follows:

A.     For purposes of this action, it is established that plaintiff was arrested and convicted of crimes of violence after his expulsion from Aquinas College in 1990.  Fed. R. Civ. P. 37(b)(2)(A)(i).

B.     Plaintiff may not present any evidence to oppose any defenses raised by defendant which rely on his criminal history.  Fed. R. Civ. P. 37(b)(2)(A)(ii).

C.     Plaintiff be directed to pay the reasonable expenses, including attorney's fees, cause by his failure to comply with this order.  Fed. R. Civ. P. 37(b)(2)(C).


Dated:  May 19, 2021                    /s/ Ray Kent
                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).