UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BRUNEAU,

          Plaintiff,                      Case No. 1:19-cv-1037

v.                                                 Hon. Paul L. Maloney

AQUINAS COLLEGE,

          Defendant.

_____/

**REPORT AND RECOMMENDATION**

**I.    Discussion**

*Pro se* plaintiff Joseph Bruneau ("Bruneau") filed this lawsuit against defendant Aquinas College (sometimes referred to as "Aquinas" or the "college"), alleging violations of federal and state disability statutes. Bruneau refused to cooperate in discovery. After determining that Bruneau violated a discovery order, the Court ordered that, "[p]laintiff will pay reasonable expenses, including attorney fees, caused by his failure to comply with the discovery order" and that "[d]efendant's counsel may submit a petition for fees and expenses related to the filing of the motion by July 6, 2021." Order (ECF No. 66, PageID.574-575 (emphasis omitted). This matter is now before the Court on Aquinas' motion for attorney fees and expenses in the amount of $3,939.75 (ECF No. 68).[1] The motion is unopposed.

The only issue before the Court is the amount of attorney fees and expenses which Bruneau owes to Aquinas. Fed. R. Civ. P. 37 provides in pertinent part that,

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is

---

[1] This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

1

> pending may issue further just orders. They may include the following: . . . (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

In support of the motion for attorney fees and expenses, Aquinas' counsel, Stephanie R. Setterington, has submitted an affidavit stating: that she spent 9.7 hours working on activities necessitated by Bruneau's violation of the discovery order; that her billing rate on this matter is $370.00 per hour; that all of the fees and expenses listed in the affidavit were necessarily incurred due to Bruneau's violation of the discovery order; that she incurred a charge for obtaining a transcript of the motion hearing necessitated by plaintiff's position taken regarding the order; and that the fees and expenses have been, or will be, billed to her client, Aquinas. Setterington Aff. (ECF No. 68-1). In summary, Attorney Setterington seeks attorney fees for 9.7 hours of work at an hourly rate of $370.00 ($3,589.00), and a transcript expense in the amount of $80.75, for a total amount of $3,669.75.

In reviewing counsel's submission, the Court notes that there is an error in the second fee charge of 6.7 hours. *See id*. at PageID.583. The affidavit lists this charge as $2,749.00; however, the charge should be $2,479.00 (6.7 hours x $370.00). This error results in an overcharge of $270.00. Accordingly, for purposes of this report, the Court will consider Aquinas' request for fees and expenses to be $3,669.75 rather than the amount listed in the motion ($3,939.75).

In a separate affidavit, Attorney Setterington states that the $370.00 hourly rate charged to Aquinas "is discounted from my standard hourly rate of $530 routinely billed for my services." Setterington Aff. (ECF No. 68-2, PageID.585. Attorney Setterington further states that, "My $370 per hour rate charged in this matter is substantially lower than the median rate charged

2

by similar-sized firms in Michigan for attorneys at my level based on Price Waterhouse Coopers 2020 survey data, and between the median and 75th percentile 2020 rates generally charged for attorneys at my level based on State Bar of Michigan survey data." *Id*. at PageID.585-586; *See State Bar of Michigan, 2020 Economics of Law Practice Attorney Income and Billing Rate Summary Report* (ECF 68-2, PageID.592-594).

Based on this record, the Court concludes that an attorney fee in the amount of $3,589.00 and a transcript expense in the amount of $80.75, for a total amount of $3,669.75, is reasonable.  Accordingly, Aquinas' motion for attorneys' fees and expenses, as adjusted to $3,669.75, should be granted.

## II.     RECOMMENDATION

For these reasons, I respectfully recommend that defendant Aquinas' motion for attorneys' fees and expenses (ECF No. 68), as adjusted to **$3,669.75**, be **GRANTED**.


Dated:  June 30, 2022                                    /s/ Ray Kent
                                                         United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).